## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Bruce G. Reichert, | Case No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT AND**<br>**DEMAND FOR JURY TRIAL** |
| Transystems LLC, a Wyoming Limited Liability Company, and Justin Delbert Majerus, | |
| Defendants. | |

Plaintiff, for his claims for relief against the Defendants, alleges as follows:

### INTRODUCTION AND PLAIN STATEMENT OF THE CLAIM

1.      On January 29, 2020, a big rig driven by Defendant Justin Delbert Majerus and owned by his employer, Defendant Transystems LLC, made an illegal and dangerous U-turn on U.S. Highway 2, causing a collision with a vehicle driven by Plaintiff Bruce G. Reichert.  The collision caused Mr. Reichert serious, disabling, and permanent injuries, harms, and losses.  Mr. Reichert's injuries required extensive surgery and months of in-patient treatment.  Mr. Reichert's medical and care expenses are approximately $600,000 and his future medical and care expenses are estimated to be close to or over $1,000,000.

### PARTIES, JURISDICTION, AND VENUE

2.      Plaintiff Bruce G. Reichert is a citizen of Minnesota.

3.      Defendant Transystems LLC is a Wyoming limited liability company with its principal place of business in Great Falls, Montana.  On information and belief, the

92189181.2

members of Transystems LLC are Scott Francis Lind and Daniel J. Rice, both citizens of Montana.  On information and belief, no members of Transystems LLC ("Transystems") are citizens of Minnesota.

4.      Defendant Justin Delbert Majerus is a citizen of Idaho.

5.      Jurisdiction is proper under 28 U.S.C. § 1332 in that the amount in controversy exceeds the sum of $75,000, exclusive of interest, costs and disbursements, and the controversy is between citizens of different states.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to Plaintiff's claims occurred in this district.

7.      With regard to the subject collision, the Defendants committed an act in Minnesota causing injury and resulting in accrual of a tort action in Minnesota.  Further, Defendant Transystems regularly transacts business within Minnesota and regularly operates its trucks on roadways in Minnesota, including but not limited to regular operation by Defendant Transystems in Polk County, Minnesota, where the subject collision took place.  Defendant Transystems has purposefully availed itself of the privilege of conducting business activities within Minnesota, thus invoking the benefits and protections of this state's law.

## FACTUAL ALLEGATIONS

8.      Defendant Transystems is a for-profit company in the business of transporting bulk commodities for hire.

92189181.2

9.     Defendant Transystems is a registered interstate motor carrier which operates approximately 323 power units and utilizes approximately 719 drivers.

10.     At all times material herein, Defendant Transystems employed Defendant Majerus.

11.     At all times material herein, Defendant Transystems was the owner of a 2019 Freightliner tractor, VIN Number 3AKNGBDV3KDKK7527, and a 2013 East Manufacturing Corporation semi-trailer with a Gross Vehicle Weight Rating of 86,000 pounds, VIN Number 1E1H5Z381ER050499.  Hereafter said tractor and semi-trailer are referred to collectively as "the subject semi tractor-trailer."

12.     On the evening of January 29, 2020, Defendant Majerus was driving the subject semi tractor-trailer in East Grand Forks, Minnesota when he encountered hazardous weather conditions.  Instead of exercising appropriate caution by pulling over the subject semi tractor-trailer, Defendant Majerus instead kept driving, eventually traveling onto eastbound U.S. Highway 2 ("Hwy. 2") where, at the 440th Ave. intersection he attempted a U-turn from the right lane of the two lanes of eastbound Hwy. 2.  This hazardous maneuver brought the subject semi tractor-trailer perpendicular to and across eastbound Hwy. 2, and directly into the travel lane of retired U.S. Army Sergeant Major Bruce G. Reichert, who was driving his 1999 Chevrolet Suburban eastbound on Hwy. 2, causing Mr. Reichert's vehicle to crash into the side of the subject semi tractor-trailer.

92189181.2

13.     The following photograph taken by law enforcement shows the Reichert Suburban, and shows the subject semi tractor-trailer blocking eastbound Hwy 2.



14.     Upon arriving at the scene, police saw that the roof of the Reichert vehicle was pinned against Mr. Reichert's head and that he was unable to move.

15.     The Fire Department used the Jaws of Life to extricate Mr. Reichert.

16.     The following photograph shows the Reichert vehicle after the Jaws of Life had been used to extricate Mr. Reichert.



92189181.2

17.     The negligence and carelessness of the Defendants, as hereinafter described, was the sole cause of the January 29, 2020 collision.

## Damages

18.     As a direct result of the subject collision, Plaintiff Bruce Reichert has sustained permanent and life-altering injuries to his mind and body, including but not limited to:

1)  A traumatic brain injury resulting in permanent cognitive and personality changes and substantial balance and visual problems;

2)  Multiple injuries to his spine, including:

    (a)     An acute burst fracture of the C1 ring, with several separate fracture locations;

    (b)     Extensive prevertebral edema with associated ligamentous injury;

    (c)     An acute burst fracture of the T2 vertebral body, with noted retropulsion fragments, which are bone fragments displaced into the spinal canal;

    (d)     Epidural hemorrhage on the left in the spinal canal at T2 contributing to moderate central stenosis;

    (e)     Perching of the left T2-T3 facets (meaning the affected facet joints are unstable, such that any further anterior subluxation will result in dislocation); and

    (f)     T2-4 vertebral body fractures;

3)  An acute grade IV left vertebral artery dissection;

5

4)   Fractures of the posterior 1st and 2nd right ribs;

5)   Fractures of the 1st through 3rd left ribs;

6)   A displaced sternomanubrial fracture with mediastinal hematoma;

7)   Lacerations to the left scalp and cheek;

8)   Small left and likely right apical pneumothorax;

and other injuries too numerous to mention.  Mr. Reichert's back injuries required surgical interventions consisting of a T2 laminectomy and fusion of the C7 through T5 vertebrae. He was required to wear a halo screwed into his head for four months, and a Miami J collar for another month.  He required in-patient care for almost four-and-a-half months, and could not return to his home until eight months post-injury.  He remains in constant pain, with limited back and neck motion, with his head perpetually pitched forward.  A CT of his back has shown a 20 to 30-degree mal-alignment of his C7 to T5 vertebrae, causing his treating orthopedic surgeon to recommend a 4-5 hour surgery consisting of C5 to T2 Ponte Osteotomies and C5 to T5 posterior fusion, with bone grafting.

19.    Mr. Reichert's injuries have resulted, and will continue to result, in a substantial reduction in his capacity to enjoy life and to participate in usual activities, all to his damage in an amount reasonably in excess of $75,000.

20.    As a further direct result of the above-described January 29, 2020 collision, to date Plaintiff Bruce Reichert has incurred over $600,000 in medical and other treatment and care expenses, and is expected to incur up to or in excess of $1,000,000 in

6

92189181.2

additional medical and other treatment and care expenses, all to his damage in an amount exceeding $75,000.

## COUNT ONE – NEGLIGENCE
### (Defendant Majerus)

21.     Plaintiff realleges each of the preceding allegations as if fully stated herein.

22.     Defendant Majerus negligently, carelessly, and unlawfully attempted to make a U-turn in his employer's enormous semi tractor-trailer from the right hand lane of the two eastbound lanes of U.S. Highway 2, at night, in hazardous weather conditions, knowing that no traffic control at the intersection would halt traffic on U.S. Highway 2, thereby blocking Mr. Reichert's lane with the semi's trailer and directly causing the above-described collision.

23.     Examples of Defendant Majerus's negligent, careless, and otherwise unlawful acts and omissions include but are not limited to:

(a)     Attempting a U-turn on a highway in a semi;

(b)     Driving a semi tractor-trailer in such as a way as to block oncoming vehicles;

(c)     Failing to maintain a proper look-out;

(d)     Failing to exercise extreme caution in hazardous conditions;

(e)     Failing to drive with due care under the conditions then present;

and Defendant Majerus was negligent with respect to this collision in other ways too

92189181.2

numerous to mention herein.

24.     Defendant Majerus' negligent, careless, and unlawful acts and omissions had a substantial part in bringing about Mr. Reichert's above-described injuries, damages, harms and losses.

25.     Defendant Majerus is liable to Mr. Reichert for damages in an amount reasonably in excess of $75,000.

## COUNT TWO – OWNER'S STATUTE
### (Defendant Transystems LLC)

26.     Plaintiff realleges each of the preceding allegations as if fully stated herein.

27.     At the time of the subject occurrence, Defendant Transystems was the owner of the subject semi tractor-trailer being operated by its employee, Defendant Majerus, with the consent and permission of Defendant Transystems.

28.     Pursuant to Minn. Stat. § 169.09, subd. 5a, Defendant Transystems is liable to Plaintiff Bruce Reichert for his injuries, damages, harms, and losses caused by Defendant Majerus' negligent, careless, and unlawful acts, in an amount reasonably in excess of $75,000.

## COUNT THREE – VICARIOUS LIABILITY
### (Defendant Transystems LLC)

29.      Plaintiff realleges each of the preceding allegations as if fully stated herein.

30.     Defendant Majerus' negligent, careless, and unlawful acts that had a substantial part in bringing about Bruce Reichert's injuries and damages were

92189181.2

committed within the course and scope of Defendant Majerus' employment with Defendant Transystems.

31.     Pursuant to the doctrine of respondeat superior, Defendant Transystems is liable for the actions of Defendant Majerus.  Therefore Plaintiff Bruce Reichert is entitled to recover against Defendant Transystems all of the damages, harms, and losses caused by Defendant Majerus's actions, in an amount reasonably in excess of $75,000.

## COUNT FOUR – NEGLIGENT SUPERVISION, HIRING, AND RETENTION
### (Defendant Transystems LLC)

32.      Plaintiff realleges each of the preceding allegations as if fully stated herein.

33.     Defendant Transystems was negligent in the supervision, hiring, and retention of Defendant Majerus.  By way of example and not limitation, Defendant Transystems negligently supervised Defendant Majerus by failing and neglecting to prohibit him from attempting U-turns in the subject semi tractor-trailer; failing and neglecting to instruct its employees, including Defendant Majerus, to use extreme caution in hazardous conditions and not to attempt a U-turn under the conditions existing at the time of the subject occurrence; and failing and neglecting to supervise Defendant Majerus in the hazardous weather conditions then existing.

34.     Defendant Transystems' negligence with regard to Defendant Majerus was a substantial factor in bringing about the subject collision and the resulting injuries, damages, harms, and losses sustained by Plaintiff Bruce Reichert, and therefore

92189181.2

Defendant Transystems is liable to Plaintiff Bruce Reichert for damages in an amount reasonably in excess of $75,000.

## PRAYER FOR RELIER

WHEREFORE, Plaintiff prays for judgment against Defendants for damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000), together with prejudgment interest, costs of suit and other disbursements incurred herein, attorneys' fees, and such other and further relief as this Court deems just and equitable.

Dated: November 3, 2021               **ROBINS KAPLAN LLP**

s/ Philip Sieff
Philip Sieff, #0169845
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: 612-349-8500
Fax: 612-339-4181
psieff@robinskaplan.com

*Attorneys for Plaintiff Bruce G. Reichert*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues raised in the Complaint.

Dated: November 3, 2021               **ROBINS KAPLAN LLP**

s/ Philip Sieff
Philip Sieff, #0169845
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: 612-349-8500
Fax: 612-339-4181
psieff@robinskaplan.com

*Attorneys for Plaintiff Bruce G. Reichert*

92189181.2